

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 11, 1957

Hon. Jack Welch, Chairman
Constitutional Amendments Committee
House of Representatives
Austin, Texas

Opinion No. WW- 51

Re: Effect of H.J.R. 32, which
proposes a constitutional
amendment to confer probate
jurisdiction on County Courts
at Law,upon the Texas probate
system.

Dear Mr. Welch:

Your letter requesting our opinion relative to the captioned matter reads as follows:

"The above described resolution proposes two changes in the article and section referred to above. The first change increases the maximum concurrent jurisdiction of the county courts with the district courts from $1,000 to $5,000. The second proposed change confers probate jurisdiction on all County Courts at Law.

"The House Constitutional Amendments Committee is concerned with the impact of the second proposal stated above upon the probate court system in the State. A copy of the above described resolution is enclosed herewith.

"It will be greatly appreciated if you will analyze this proposal in the light of the present law and furnish us with your opinion in connection therewith."

The 54th Legislature by Chapter 55, adopted a probate code by revising and rearranging the statutes of this State pertaining to probate and related matters. We have carefully examined this "Texas Probate Code" and have been unable to find any provisions therein that will not be applicable to County Courts at Law in their exercise of probate matters in the event H.J.R. 32 is adopted and such courts are given general jurisdiction of a Probate Court.

The probate code in Section 3, defines the terms, "County Court", and "Probate Court"; "County Judge", "Probate Judge" and "Judge"; and "Court" as follows:

"(e) 'County Court' and 'Probate Court' are synonymous and denote county courts in the exercise of their probate jurisdiction and courts especially created and organized for the sole purpose of exercising probate jurisdiction.

"(f) 'County Judge,' 'Probate Judge,' and 'Judge' denote the presiding judge of any court having original jurisdiction over probate proceedings, whether it be a county court in the exercise of its probate jurisdiction or a court especially created and organized for the sole purpose of exercising probate jurisdiction.

"(g) 'Court' denotes and includes both a county court in the exercise of its probate jurisdiction and a court especially created and organized for the sole purpose of exercising probate jurisdiction."

If H.J.R. 32 is adopted all County Courts at Law will by force of the Constitution become "Probate Courts". The code states that "County Court" and "Probate Court" are synonymous and denote county courts in the exercise of their probate jurisdiction. A County Court at Law is in fact a county court with certain jurisdictional limitations. H.J.R. 32 removes part of these jurisdictional limitations by giving them the general jurisdiction of a Probate Court.

## SUMMARY

If H.J.R. 32 is adopted the Constitution will confer upon County Courts at Law the general jurisdiction of a Probate Court, and all the provisions of the "Texas Probate Code" which are applicable will apply to such courts.

Yours very truly,

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman

WILL WILSON
Attorney General

By W. V. Geppert

W. V. Geppert
Assistant

WVG:gs